# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JUSTIN ZANE GOBERT, <br><br> Defendant. | CR-19-81-GF-BMM <br><br> **ORDER** |

## ORDER

Defendant Justin Zane Gobert ("Gobert") faces charges for Aggravated Sexual Abuse and Abusive Sexual Contact. (Doc. 1.) Gobert now seeks to suppress statements that he claims law enforcement obtained on June 28, 201, in violation of his constitutional rights. (Doc. 17.) The Government opposes. (Doc. 27.) The Court originally set a hearing for Gobert's motion on February 20, 2020. The Court vacated that hearing based on its understanding that it would address the motion at the time of trial. (Doc. 28.) The Court has reviewed the evidence and no longer believes a hearing to be necessary.

Courts apply a totality of circumstances test when determining whether a defendant voluntarily made a statement to law enforcement. *See United States v.*

*Fisher*, 137 F.3d 1158, 1165 (9th Cir. 1998); *United States v. Hughes*, 2019 WL 4740256, at *7 (D. Mont. Sept. 27, 2019). The government may not obtain statements "by physical or psychological coercion or by improper inducement so that [the defendant's] will was overborne." *Fisher*, 137 F.3d at 1165. A court must look at "*both* the characteristics of the accused *and* the details of the interrogation." *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014). A court should consider, among other things, the duration and conditions of detention, the attitude of the police toward the defendant, the defendant's physical and mental state, and the "diverse pressures which sap or sustain [the defendant's] powers of resistance and self-control." *Id.* (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

With these factors in mind, the Court has reviewed Gobert's signed waiver of *Miranda* rights (Doc. 19-1), a summary of Gobert's interview written by Special Agents Mark G. Zahaczewsky and Charles Corbett (Doc. 19-2), and recordings of both of Gobert's interviews with law enforcement (Def's. Mot. 502). None of the evidence from these exhibits indicates that law enforcement obtained Gobert's confession by physical or psychological coercion, or by improper inducement, such that Gobert's will was overborne. *Fisher*, 137 F.3d at 1165.

Accordingly, **IT IS ORDERED** that Defendant Justin Zane Gobert's motion to suppress (Doc. 17) is **DENIED**, without prejudice. The Court recognizes that Gobert has a statutory right to a hearing on this issue, and, therefore, Gobert may renew his motion at the time of his trial.

DATED this day the 20th of March, 2020.

---
Brian Morris, Chief District Judge
United States District Court